UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROSEANNE DIMENCO, TYRONE DICKENS, RICHARD MARLOWE, JUAN ANTONIO MOLINA, NICHOLAS PALAFOX, TONI RANGEL, STARLA ROLLINS, MYKELE SAUNDERS, and MARTHA VAZQUEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, DAVID REGAN, and ELISEO MEDINA,<br><br>Defendants. | Case No:  C 10-03112 SBA<br><br>**ORDER DISMISSING ACTION**<br><br>Dkt. 52 |

On April 29, 2011, the Court issued an Order to Show Cause (OSC) directing Plaintiffs to show cause why the instant action should not be dismissed under Federal Rule of Civil Procedure 41(b).  The OSC was based, inter alia, on Plaintiffs' failure to comply with the Court's January 10, 2011, disqualifying their counsel and directing Plaintiffs to retain new counsel within thirty days.  Dkt. 50.  In addition, Plaintiffs failed to file a Case Management Conference Statement in anticipation of the Case Management Conference scheduled for April 28, 2011.  Id.  Plaintiffs had until May 6, 2011, to respond to the OSC, and were explicitly warned that the "FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS TO DISMISS THE ACTION,

WITHOUT FURTHER NOTICE." Dkt. 52 at 2. Plaintiffs have failed to respond to the OSC.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

In the instant case, the Court finds that the above-referenced factors weigh in favor of dismissal. With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This is particularly true in the instant case, where Plaintiffs have failed to prosecute this action by failing to comply with the Court's orders to retain new counsel and to prepare and file a Case Management Statement.

The second factor also militates in favor of dismissal. See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to the defendants, generally requires that "a defendant … establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at, 642. At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." Id. Here, Plaintiffs have offered no explanation for their failure to

1 respond nor is any apparent from the record.  These facts also weigh strongly in favor of
2 dismissal.  See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

3   As to the fourth factor, the Court has already considered less drastic alternatives to
4 dismissal.  The Court explicitly warned Plaintiffs that the failure to respond to the OSC
5 would result in the dismissal of the action. "[A] district court's warning to a party that
6 failure to obey the court's order will result in dismissal can satisfy the 'consideration of
7 [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.

8   The final factor, which favors disposition of cases on the merits, by definition,
9 weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of
10 cases on the merits.  Thus, this factor weighs against dismissal.").

11   In sum, the Court concludes that four of the five relevant factors weigh strongly in
12 favor of dismissing the action in its entirety.  Id. (affirming dismissal where three factors
13 favored dismissal, while two factors weighed against dismissal).  Accordingly,

14   IT IS HEREBY ORDERED THAT the instant action is DISMISSED with prejudice.
15 The Clerk shall close the file and terminate all pending matters and deadlines.

16   IT IS SO ORDERED.

17 Dated:  May 10, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge